UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DURELL JONES** | * | CIVIL DOCKET |
| | | |
| VS | * | NO. 12- |
| **JEFFERSON PARISH, JEFFERSON PARISH** | | |
| **STREETS DEPARTMENT** | | |
| | * | SECTION " " ( ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT FOR DAMAGES FOR DISCRIMINATION AND RETALIATION AND WHISTLE BLOWING

NOW COMES Claimant, DURELL JONES, a person of the full age of majority and domiciled within the jurisdictional territory of this Court, who complains as follows:

### JURISDICTION

1. This Court has jurisdiction over Petitioner's Civil Rights claims under the following statutes:

   a. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq., which prohibits discrimination in employment based on race, complexion and retaliation.

   b. The American with Disabilities Act 42 U.S.C. 12101 (12111 - 12117), for discrimination in employment based on disability;

2. **Pendent Jurisdiction of state claims under La. Civil Code 2315** for intentional infliction of emotional distress.

3. **Pendent Jurisdiction of state claims** under the state whistle blowing statutes.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.    On   AUGUST 23, 2011, petitioner filed with the EEOC a charge of discrimination

in employment based on color, harassment and retaliation, bearing charge number

846 2011 79637 against defendant(s).  Subsequently, Plaintiff filed and signed

complaints dated October 13 and 18, 2011.  While said investigation was pending,

defendants committed the acts of discrimination based on disability and further

retaliation, both related to the instant complaint.  See attachments P-1 through P-5.

5.    On May 10, 2102, Plaintiff, through undesigned attorney, sent a request for

accommodations to defendants based on an examination by a health care provider,

which stems from the events in the instant EEO complaint.  P-6

6.    On June 14, 2012, the EEOC issued a notice of right to sue, and petitioner files

these claims within the requisite period of time.  P-7

7.    On July 3 and July 24, 2012, Plaintiff sent reports of his health care provider to

defendants in support of his accommodations claim, which at least began an

accommodations process that has yet to be completed.  P-8 through P-11.

## VENUE

8.    Venue lies in this Court under 28 U.S.C. 1391 as defendants reside and/or does

business within the Eastern District of Louisiana, and the violations took place

within this district.

## FACTUAL ALLEGATIONS

9.  Plaintiff re-avers, and incorporates herein by reference, *in globo and in extenso*, the factual allegations contained in the Charge filed with the EEOC, including, but not limited to, all factual allegations and predicates regarding race, harassment, complexion discrimination and disability discrimination.   The EEOC complaint and accommodations documents are attached as exhibits P-1 through P-11.

## SCHEME AND CONSPIRACY

10.  Management and subordinates have conspired to and have harassed plaintiff based on color by refusal to follow the chain of command, and by allowing subordinates, with the support of management, to threaten Plaintiff with physical harm on the work site, and to refuse work directives given by Plaintiff, their supervisor.

11.  The subordinates commit these acts based on complexion and management condones the harrassment of the subordinates, all of darker complexion, and takes no corrective action.

12.  Management discriminates by supporting the disruptive and threatening subordinates and by retaliating against Plaintiff for the filing of the instant EEO charge by refusing to take corrective action and by unfairly retaliating against Plaintiff by giving him an unfair performance appraisal.

13.  Since the filing of the EEO charge, Plaintiff has received an ***unfair and inaccurate performance appraisal in retaliation*** for the EEO charge and in retaliation for the

whistle blowing that has resulted from his being examined and treated by a therapist, which became necessary due to the harassment.

14. Management has also retaliated against Plaintiff by refusing, thus far, to adequately accommodate Plaintiff's disability under the ADA, which has been uncovered in the on-going process of Plaintiff filing grievances to protect himself from illegal and retaliatory disciplinary actions by defendant.

15. Management further retaliates and discriminates via disparate treatment of claimant regarding time, work conditions and assignments, and retaliates for Plaintiff's Whitle blowing and EEO charge in the assignment of duties and supervision of employees without the authority and necessities to perform the job or supervise the employees.  Management discriminates, harasses and retaliates:

a.    through assignments,

b.    through lack of authority to supervise workers for which claimant is responsible,

c.    by refusing to take corrective action upon complaints of harassment and threats of violence against claimant,

d.    by refusing to back claimant's authority against those who harass him and refuse to follow his directives.

e.    Management also selectively enforces the rules and regulations re reporting for work, procedures for absences and discipline.

f.    management harasses and retaliates against claimant with bogus, unfounded and unsupported disciplinary actions, the latest being a "pre-disciplinary hearing", claiming that claimant used "profanity in a stern manner, warning the employee not to question you.  This conduct occurred on or about June

2, 2011."

    (1)    the example at 6(f) illustrates the nature of the illegal and frivolous reasons management will use to retaliate against claimant.   The language, tone of voice and exchange about which management complains was normal, everyday conversation between males on an outside job.  Their was no language that was not normal for the group and or outside of the bounds of what is normally heard on the job.   Other have used worse language and have had no disciplinary action taken against them.

g.    through the illegal and disparate application of rules and regulations regarding illness, sick time, leave, etc.

h.    through the assignment of work to claimant that belongs to other's in claimant's position

i.    Two subordinates have threatened claimant's life, Charles Johnson and one "Lionel".  Lionel has been put back in claimant's crew by management in spite of management's knowledge of the threat.

j.    management supports and encourages frivolous grievances against claimant by harassing employees.

k.    claimant does not have the same input into the hiring, firing and discipline of his subordinates as others in his position.

16.    Management's harassment in support of the harrassing employees and management's harassment in retaliation for whistle blowing have been continuous, constant, intense, dangerous enough to require calling the police after a threat of violence.

17.    The actions of management in their discrimination, harassment and support of subordinates harassing claimant is behavior that is intentional and in violation of Title VII and both state and federal whistle blowing statutes, and has caused

Plaintiff emotional pain and suffering that has required treatment and resulted in requests for accommodations

18. Plaintiff's request for accommodations involved the department following the chain of command.  For this whistle blowing action, Plaintiff has suffered the above and below alleged harassment and discrimination.

19. During the EEO administrative investigation, Plaintiff was examined by a health care professional at the requests of the Parish.  This examination resulted in a finding that the issue was the failure of the Parish to follow the chain of command and the resulting detrimental medical effects on Plaintiff due to the harassment resulting from the way in which the streets department failed to follow Parish rules and regulations and the chain of command, while putting incongruent demands on Plaintiff.

20. Plaintiff has provided the medical reports which amount to a request for accommodations and whistle blowing.

21. The defendants have not yet provided adequate accommodations and continue to retaliate for Plaintiff's EEO complaint and the whistle blowing included as part of his medical reports through inaccurate performance appraisals, duties, time, etc.

22. These violations have cause Plaintiff great emotional and financial harm, and continues to do so.

## COUNT I

23.   Petitioner reiterates, re-alleges and incorporates allegations of previous and

subsequent paragraphs.

24.   By committing the intentional and negligent  acts complained of, defendants have

violated petitioner's rights under the **ADA,** American with Disabilities Act 42

U.S.C. 12101 (12111 - 12117), for discrimination in employment based on

**disability**.

25.   These and other violations have caused petitioner loss of pay, loss of benefits,

great emotional, mental, psychological and physical harm, loss of income, loss of

family and loss of enjoyment of life, for which defendants are liable in

compensatory, punitive, exemplary, legal, equitable, nominal and all other

damages that this Court deems necessary and proper.

## COUNT II

26.   Petitioner reiterates, re-alleges and incorporates allegations of previous and

subsequent paragraphs.

27.   By committing the intentional and negligent  acts complained of, defendants have

violated petitioner's rights under the Civil Rights Act of 1964, as amended by the

Civil Rights Act of 1991 42 U.S.C. 2000e, et seq, as amended, for discrimination.

28.   This and other violations have caused petitioner loss of pay, loss of benefits, great

emotional, mental, psychological and physical harm, loss of income, loss of family

and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT III

29. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

30. By committing the intentional acts complained of, defendants have violated petitioner's rights under **La. Civil Code 2315**, for intentional infliction of emotional distress.

31. These and other violations have caused petitioner great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

WHEREFORE, petitioner, DURELL M. JONES, prays that this Petition be filed and served and, after due proceedings, there be judgment in her favor and against defendant JEFFERSON PARISH AND THE JEFFERSON PARISH STREETS DEPARTMENT for compensatory, punitive, exemplary, general, legal, equitable, nominal, and all other damages that this Court deems necessary and proper.

PLAINTIFF, DURELL M. JONES, also prays for injunctive relief from all

constitutional violations of the kind described above in the instant action.

Respectfully Submitted:

_s/_ *John-Michael Lawrence*
John-Michael Lawrence (8143)
John-Michael Lawrence, LLC
Energy Center - Suite 2900 - PMB 204
1100 Poydras Street
New Orleans, La. 70163-2900
(504) 585-7797 tel
(225) 744-8748 fax  -  JMLaw122@cox.net