UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DURELL JONES                                    CIVIL ACTION

VERSUS                                          NO. 12-2191

JEFFERSON PARISH ET AL.                         MAGISTRATE JUDGE
                                                JOSEPH C. WILKINSON, JR.


## ORDER AND REASONS ON MOTION

In this employment discrimination action, plaintiff, Durrell Jones, alleges that his
employer, Jefferson Parish through its Streets Department, (1) discriminated against him
based on disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §
12101 et seq.; (2) harassed him based on his color, which he describes as lighter-skinned
African-American, in violation of Title VII, 42 U.S.C. § 2000e et seq.; (3) retaliated
against him for engaging in protected activity, in violation of Title VII and unspecified
"state whistle-blowing statutes;" and (4) committed intentional infliction of emotional
distress under Louisiana Civil Code article 2315.  Complaint, Record Doc. No. 1; First
Amended Complaint, Record Doc. No. 10.

This matter was referred to a United States Magistrate Judge for all proceedings
and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent
of all parties.  Record Doc. No. 12.

Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that
plaintiff's failure to exhaust administrative remedies on his race and disability

discrimination claims deprives the court of subject matter jurisdiction over these claims. Defendants also seek dismissal of plaintiff's claims for color discrimination, retaliation and intentional infliction of emotional distress under Fed. R. Civ. P. 12(b)(6).  Finally, defendants contend that the Jefferson Parish Streets Department should be dismissed because it is not a juridical entity capable of being sued.  Record Doc. No. 6.  Defendants make no argument regarding the alleged violation of unspecified "state whistle-blowing statutes."

Jones filed an amended complaint that attempts to cure some of the defects of which defendants' motion complains.  Record Doc. No. 10.  He also filed a timely memorandum in opposition to the motion.  Record Doc. No. 11.

Having considered the complaint, as amended, the submissions of the parties, and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

ANALYSIS

A.     Standards of Review

Defendants move for dismissal under both Rules 12(b)(1) and 12(b)6).

The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments, while under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

2

Walch v. Adjutant Gen.'s Dep't, 533 F.3d 289, 293 (5th Cir. 2008) (quotation and citations omitted). Jones attached to his complaint copies of documents that he filed with the Equal Employment Opportunity Commission ("EEOC"), which the parties have cited in their memoranda regarding the instant motion, and which the court has considered.

Rule 12(b)(1) requires dismissal of an action if the court lacks subject matter jurisdiction of the claim. Defendants cite Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002), for the proposition that subject matter jurisdiction does not exist because Jones failed to exhaust his administrative remedies under Title VII, 42 U.S.C. § 2000e-5(e), and the Americans with Disabilities Act, which incorporates the powers, remedies and procedures of Title VII. 42 U.S.C. § 12117(a). The Fifth Circuit actually said in Taylor that "filing of an EEOC charge is not a jurisdictional prerequisite, [but] it 'is a precondition to filing suit in district court.'" Id. (quoting Dao v. Auchan Hypermkt., 96 F.3d 787, 789 (5th Cir. 1996)) (emphasis added).

However,

the Fifth Circuit has acknowledged a split in its panel decisions with respect to the appropriate rule when a plaintiff fails to exhaust. See Pacheco v. Mineta, 448 F.3d 783, 788 n. 7 (5th Cir. 2006) ("There is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction.").

Wiley v. Potter, No. 3:06cv00679-DPJ-JCS. 2008 WL 4539559, at *1 n.1 (S.D. Miss. Oct. 7, 2008); accord Vidal v. Chertoff, 293 F. App'x 325, 328 n.1 (5th Cir. 2008) (citing Pacheco, 448 F.3d at 788 n.7).

Like the Fifth Circuit in Vidal, this court need not decide this question and "will assume arguendo that the exhaustion requirement does not implicate subject matter jurisdiction because," as discussed below, Jones cannot demonstrate that he exhausted administrative remedies as to his race and disability discrimination claims. Regardless whether the exhaustion requirement is jurisdictional, these claims are unexhausted and must be dismissed with prejudice.

Rule 8(a)(2) requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quotations omitted). Plaintiff "need not allege in her complaint every fact that she might need to prove to prevail on the merits. . . . This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which [it] rests. The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim." Goss v. Hardy Energy Servs., Inc., No. 09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3,

2010) (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002)); <u>accord</u> <u>Lovick v. Ritemoney Ltd.</u>, 378 F.3d 433, 438 (5th Cir. 2004).

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  The Supreme Court recently clarified the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

<u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 796 (5th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007))). Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.  <u>Turner v. Pleasant</u>, 663 F.3d 770, 775 (5th Cir. 2011).

A court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend."  <u>Hernandez v. Ikon Office Solutions, Inc.</u>, 306 F. App'x 180, 182 (5th Cir. 2009); <u>accord</u> <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 329 (5th Cir. 2002); <u>Linck v. Brownsville Navig. Dist.</u>, 4 F.3d 989, 1993 WL 360773, at *4 (5th Cir. 1993).  In the instant case, Jones has already amended his complaint in response to defendants' motion to dismiss.

B.   Jefferson Parish Streets Department Is Not a Juridical Entity

Jones does not respond to defendants' argument that the Jefferson Parish Streets Department is not a juridical entity capable of being sued. His failure to brief this issue waives any argument he might have in opposition to it. Ross v. Baylor College of Med., No. H-08-3080, 2010 WL 2710397, at *8 n.54 (S.D. Tex. July 7, 2010) (citing Vela v. City of Houston, 276 F.3d 659, 678 (5th Cir. 2001); Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1164 (5th Cir. 1983)); Smith v. Tex. Dep't of Family & Prot. Servs., No. SA-08-CA-940-XR, 2009 WL 2998202, at *3 n.2 (W.D. Tex. Sept. 15, 2009); Holloway v. Town of Simmesport, No. CV08-0464-A, 2009 WL 1044554, at *7 (W.D. La. Apr. 17, 2009).

In addition, defendants' argument has merit. The capacity to sue or be sued is determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Louisiana law, a parish department is not a juridical entity capable of being sued. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 283 (5th Cir. 2004); Migues v. Emerald Corr. Corp., No. 3:12-cv-1823, 2013 WL 596148, at *4 (W.D. La. Jan. 16, 2013), report & recommendation adopted, 2013 WL 596144 (W.D. La. Feb. 15, 2013); Victor v. Louisiana, No. 12-2745, 2012 WL 6757038, at *8 (E.D. La. Nov. 26, 2012), report & recommendation adopted, 2013 WL 28233 (E.D. La. Jan. 2, 2013). Rather, the Parish of Jefferson is the only proper defendant against which these claims may be

asserted.  Accordingly, the motion is granted and plaintiff's claims against the Jefferson

Parish Streets Department are dismissed with prejudice.

      C.      Jones Failed to Exhaust Administrative Remedies as to His Race and
              Disability Discrimination Claims

The intake questionnaire and formal charge that Jones filed with the EEOC are

attached to his original complaint in this court.  Based on these documents, Jefferson

Parish argues that plaintiff failed to exhaust his administrative remedies as to his race and

disability discrimination claims.  Jones responds by reiterating the allegations of his

complaint, as amended, and arguing that the scope of his EEOC charge and the

investigation expected to grow out of it were broad enough to encompass his race and

disability discrimination claims.  I find that the factual allegations of plaintiff's original

and amended complaints and in the attached EEOC documents confirm that Jefferson

Parish's argument is correct.

Under Title VII, it is unlawful for any employer "to fail or refuse to hire or to

discharge any individual, or otherwise to discriminate against any individual with respect

to . . . compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1)

(emphasis added).  The Americans with Disabilities Act provides that "[n]o covered

entity shall discriminate against a qualified individual on the basis of disability in regard

to job application procedures, the hiring, advancement, or discharge of employees,

employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

Before pursuing a claim under either statute, a plaintiff must file a timely charge of discrimination with the EEOC.  Simotas v. Kelsey-Seybold, 211 F. App'x 273, 275 (5th Cir. 2006) (citing Dao, 96 F.3d at 788-89).  In a "deferral state" such as Louisiana, the charge must be filed within 300 days of the allegedly discriminatory act.  Windhauser v. Bd. of Supervisors, 360 F. App'x 562, 566 (5th Cir. 2010) (citing Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998)).

"Failure to exhaust is not a procedural 'gotcha' issue.  It is a mainstay of proper enforcement of Title VII remedies."  McClain v. Lufkin Indus., Inc., 519 F.3d 264, 272 (5th Cir. 2008).  "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation."  Id. at 273.

Jones filed an EEOC intake questionnaire dated August 23, 2011, a formal charge dated October 13, 2011 and an identical charge dated October 18, 2011.  Record Doc. No. 1-1 at pp. 1-11.  On the intake questionnaire, Jones checked a box indicating that his race is Black or African American, id. at p. 2, and another box to indicate that he alleged discrimination based on "Color (typically a difference in skin tone within the same race)."  Id. at p. 2.  He did not check the available boxes for race or retaliation on the

same line of the form.  In response to the printed statement:  "If you checked color . . . , please specify," he wrote:  "I am light skinned, they are dark."  Id. at p. 3.

On plaintiff's two formal charges of discrimination, the boxes for discrimination based on color and retaliation are checked, while the boxes for race and disability are not checked.  The factual allegations of the charge state that "I have been subjected to harassment and treated different than any other employee by Management."  Jones lists nine (9) "[e]xamples of Management's harassment and retaliation," none of which mention any race or disability discrimination.  He concludes that "I have been discriminated against because of my color, light skinned, and retaliated against for opposing practices made illegal under Title VII."  Id. at pp. 1, 11.  Plaintiff's attachments to the charge mention a hostile environment, harassment and disparate treatment "based on color . . . as compared to darker employees," and retaliation, but again do not mention any discrimination based on race or disability.  Id. at pp. 6-10.  The formal charge, which is signed under penalty of perjury, is the document that the employer receives from the EEOC to provide notice of the employee's complaints.  Harris v. Honda, 213 F. App'x 258, 262 (5th Cir. 2006).

Title VII "forbids discrimination on the basis of 'color' as well as on the basis of 'race.'  Light-skinned blacks sometimes discriminate against dark-skinned blacks, and vice versa, and either form of discrimination is literally color discrimination."  Williams v. Wendler, 530 F.3d 584, 587 (7th Cir. 2008) (citing Walker v. Sec'y of the Treasury,

713 F. Supp. 403, 405-08 (N.D. Ga. 1989), aff'd, 953 F.2d 650 (11th Cir. 1992); Rodriguez v. Gattuso, 795 F. Supp. 860, 865 (N.D. Ill. 1992)); see also Nettle v. Cent. Okla. Am. Indian Health Council, Inc., 334 F. App'x 914, 926 (10th Cir. 2009) (citing Piercy v. Maketa, 480 F.3d 1192, 1203 (10th Cir. 2007)) (Defendant "does not dispute that Ms. Nettle is in a protected class, which she has 'described as "light-skinned Native Americans'" in her complaint alleging discrimination by darker-skinned Native Americans.); Rougeau v. La. Dep't of Soc. Servs., No. 04-432-JJB-DLD, 2008 WL 818961, at *8 (M.D. La. Mar. 25, 2008)  (citing Walker, 713 F .Supp. at 403) ("The defendant claims that there is no authority to support a finding of African-American/African-American racial discrimination.   However, the likely basis for plaintiff's discrimination claim against [defendant] is not racial discrimination, but rather color discrimination, which is recognized, albeit rarely, under Title VII.").

Jones clearly never filed a charge of discrimination based on disability or race. As to race discrimination, he does not argue in his memorandum in opposition to defendants' motion to dismiss that his complaint, as amended, asserts a claim for race discrimination in the sense of discrimination by non-African-Americans.  He argues only that he asserts a claim for "discrimination based on color," Record Doc. No. 11 at p. 9, and for "Racial Harassment [OR HARASSMENT BASED ON COLOR]."  Id. at p. 18.

Thus, to the extent that plaintiff's complaint, as amended, could be construed as alleging discrimination based on race, rather than color, that claim must be dismissed

either because he abandoned the race discrimination issue by failing to brief it and essentially admitting that he has no such claim, Ross, 2010 WL 2710397, at *8 n.54; Smith, 2009 WL 2998202, at *3 n.2; Holloway, 2009 WL 1044554, at *7, or because he failed to exhaust his administrative remedies as to that claim.

As to disability discrimination, Jones concedes that he did not check any box or make any factual allegation about it in his EEOC charge, but argues that the scope of his charge was broad enough to encompass it.  "Since 1970, the caselaw has explained that the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." McClain, 519 F.3d at 274 (quotation omitted).  "While mere failure to check a box does not necessarily indicate a failure to exhaust, a plaintiff can only pursue a lawsuit that can 'reasonably be expected to grow out of the charge of discrimination.'"  Kretchmer v. Eveden, Inc., 374 F. App'x 493, 495 (5th Cir. 2010) (citing Pacheco, 448 F.3d at 792) (quoting Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990)).

"The scope of the inquiry is not, however, limited to the exact charge brought to the EEOC.  EEOC charges are to be given a liberal construction, especially those authored by unlawyered complainants."  McDonald v. S. Diversified Indus., Inc., No. 1:02CV186-D-D, 2003 WL 22244321, at *3 (N.D. Miss. Aug. 5, 2003) (citing Thomas v. Tex. Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000); Young, 906 F.2d at 179; Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 451 (5th Cir. 1983)).

"Because factual statements are such a major element of a charge of discrimination, we will <u>not</u> construe the charge to include <u>facts</u> that were initially omitted." <u>Harris</u>, 213 F. App'x at 261 (citing <u>Price v. Sw. Bell Tel. Co.</u>, 687 F.2d 74, 78 (5th Cir. 1982); <u>Sanchez v. Std. Brands, Inc.</u>, 431 F.2d 455, 462 (5th Cir. 1970)) (emphasis added).

I find that the EEOC's investigation of Jones's charge could <u>not</u> reasonably have been expected to encompass disability discrimination when plaintiff checked only the color and retaliation boxes on the charge and intake questionnaire forms, left blank the boxes for disability, and did not mention in his factual allegations any disability or that the negative employment action had occurred because of a disability. <u>See</u> <u>Garrett v. Judson Indep. Sch. Dist.</u>, 299 F. App'x 337, 344 n.7 (5th Cir. 2008) (EEOC investigation would not reasonably encompass age discrimination when plaintiff's charge only alleged race and sex discrimination and retaliation); <u>Kretchmer</u>, 374 F. App'x at 495 (When plaintiff only checked boxes for age and religion discrimination on his EEOC charge, and the factual allegations in the charge were directed towards those claims and made no mention of sex discrimination, his charge was "insufficient to place [defendant] on notice that Kretchmer would be pursuing a sex discrimination claim" and he had not exhausted that claim.); <u>Crawford v. Harris County Juvenile Prob. Dep't</u>, 31 F. App'x 159,  2001 WL 1751457, at *3 (5th Cir. Dec. 26, 2001) (when plaintiff's EEOC charge "refers only to racial discrimination and he failed to check the box labeled 'disability,'" his disability

"claim is not reasonably related to the Title VII claim actually charged, and the EEOC obviously would have investigated only racial discrimination").

In addition, Jones alleges in his complaint, as amended, that his disability arose <u>after</u> he filed his EEOC charge and that his disability was caused by retaliation for having filed the charge.  The reports of a social worker attached to plaintiff's complaint indicate that he was first tentatively diagnosed with mental disorders on February 17, 2012, Record Doc. No. 1-1 at p. 15, but Jones did not request any accommodations for disability from Jefferson Parish until May 10, 2012, seven months after he filed his EEOC charge.  <u>Id.</u> at p. 12.  He never amended his charge, which remained pending until June 14, 2012, <u>id.</u> at p. 14, to include allegations of disability discrimination.  In these circumstances, plaintiff's disability claim exceeds the scope of his charge and the EEOC investigation into color discrimination and pre-filing retaliation that reasonably could have been expected to grow out of the charge.

Accordingly, Jefferson Parish's motion to dismiss plaintiff's race and disability discrimination claims is granted.

> D.    The Remainder of Defendants' Motion Is Denied

I find that plaintiff's complaint, as amended, contains sufficient allegations to state claims for relief based on <u>color</u> discrimination and <u>retaliation</u> under Title VII and for intentional infliction of emotional distress under Louisiana law.  Jones asserts that he was subjected to various acts of harassment by darker skinned employees based on his lighter

complexion.  He alleges that he is a Road Maintenance Superintendent and that management and his subordinates conspired to harass him, based on his color, by refusing to follow the chain of command, threatening him with physical harm and refusing to comply with his work directives.  He asserts that management retaliated against him for filing his EEOC charge and for other unspecified acts of whistle blowing by refusing to take any corrective action as to the harassing actions of his subordinates and by giving him an unfair and inaccurate performance appraisal.  Jones alleges that Jefferson Parish discriminated and retaliated against him by treating him differently than other employees in his position and selectively enforcing rules and procedures regarding time, work conditions, work assignments and disciplinary actions.  He contends that these actions have caused him emotional pain and suffering that has required treatment and resulted in a request for accommodation of a disability.

Although somewhat vague, these allegations satisfy the requirements for pleading claims for a hostile work environment and retaliation under Title VII and for intentional infliction of emotional distress under Louisiana law.  "Whether an environment is hostile or abusive depends on the totality of the circumstances, including factors such as the frequency of the conduct, its severity, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance."  Alaniz v. Zamora-Quezada, 591 F.3d 761, 771

(5th Cir. 2009) (quotation omitted).   The factual allegations of Jones's complaint adequately plead this cause of action.

Some of the alleged incidents, or the combination of incidents, may constitute adverse employment action, as that term is used in the contexts of discrimination and retaliation.  For purposes of discrimination claims, the term "adverse employment action" includes "'only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating,'" Bouvier v. Northrup Grumman Ship Sys., Inc., 350 F. App'x 917, 922 (5th Cir. 2009) (quoting McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007)), or actions that "'would tend to result in a change of [plaintiff's] employment status, benefits or responsibilities.'"  Martin v. Lennox Int'l Inc., 342 F. App'x 15, 18 (5th Cir. 2009) (quoting Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 407 (5th Cir. 1999)).   "[E]mployer action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination'" constitutes adverse employment action in the retaliation context.  Thompson v. N. Am. Stainless, LP, 131 S. Ct. 863, 868 (2011) (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006)). Although Jones does not use "causation" terminology, the court may plausibly infer from his factual allegations that the actions about which he complains were the alleged result of his having engaged in protected activity.

To establish a claim of intentional infliction of emotional distress, plaintiff eventually must prove that the defendant's conduct was extreme and outrageous, that his

15

emotional distress was severe and that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.  Mitchell v. Tracer Constr. Co., 256 F. Supp. 2d 520, 526-27 (M.D. La. 2003) (citing White v. Monsanto Co., 585 So.2d 1205 (La. 1991)).  To survive a motion to dismiss, however, Jones need only plead sufficient facts to raise a plausible claim for relief under this theory.  He has done so.

Jones need not detail in his complaint every fact on which he may eventually rely to prove his claims.  His complaint "easily satisfies the notice standard and asserts a claim for relief that, as required by Twombly, rises above the speculative level."  Goss, 2010 WL 427748, at *2; accord Brown v. Refugio Cnty., No. V-09-49, 2009 WL 4231993, at *2 (S.D. Tex. Nov. 19, 2009).  The well-pleaded facts in the complaint, as amended, state plausible claims for a hostile work environment based on color, retaliation for protected activity and intentional infliction of emotional distress.  Whether Jones will be able to produce sufficient evidence to prove his claims is not at issue in the current motion to dismiss, but may be the subject of a motion for summary judgment or at trial, after discovery has occurred.

Accordingly, defendants' motion is denied to the extent it seeks dismissal of Jones's claims for color discrimination, retaliation and state law intentional infliction of emotional distress.

16

CONCLUSION

Accordingly, IT IS ORDERED that defendants' motion to dismiss plaintiff's claims against the Jefferson Parish Streets Department is GRANTED and those claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's race and disability discrimination claims is GRANTED and those claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's claims of color discrimination, retaliation and intentional infliction of emotional distress is DENIED.

New Orleans, Louisiana, this _____7th_____ day of March, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

17